People v Urena (2020 NY Slip Op 01279)





People v Urena


2020 NY Slip Op 01279


Decided on February 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 25, 2020

Renwick, J.P., Mazzarelli, Gesmer, Kern, JJ.


11080 5073/14

[*1] The People of the State of New York, Respondent,
v
Gabriel Urena, Defendant-Appellant.


Stanley Neustadter, Cardozo Criminal Appeals Clinic, New York (Lauren Miller of counsel), for appellant.
Gabriel Urena, appellant pro se.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathan Cantarero of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered October 13, 2016, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts) and reckless endangerment in the first degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, unanimously affirmed.
The verdict was based on legally sufficient evidence. The jury could have reasonably inferred, from the totality of evidence, including, among other things, defendant's statements to the police, that defendant fired a loaded and operable firearm (see People v Samba, 97 AD3d 411, 414-415 [1st Dept 2012], lv denied 20 NY3d 1065 [2013]).
Defendant did not preserve his argument that the testimony of two detectives identifying a brief emission of light from the weapon, seen on surveillance video, as a muzzle flash was improper lay opinion, and we decline to review this claim in the interest of justice. Nor was there any further objection after the court instructed the jurors that they were the finders of fact and it was for them "to determine whether there was a muzzle flash or not" (see People v Ross, 99 AD3d 483, 483 [1st Dept 2012], lv denied 20 NY3d 1014 [2013]).
Defendant's pro se ineffective assistance claim is unreviewable on the present record, and his challenge to a 911 call is waived.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 25, 2020
CLERK